USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 21 May 09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ANDREW E. ROTH, derivatively on behalf
of Metal Management Inc.,
                   Plaintiff,        03 Civ. 7760 (DAB)
                                      ORDER

    -against-

T. BENJAMIN JENNINGS, et al.,
                   Defendant.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

    Plaintiff Andrew E. Roth brought a derivative suit in this Court on behalf of nominal defendant Metal Management, Inc. ("MMI"), against T. Benjamin Jennings and European Metal Recycling, Inc. for disgorgement to MMI of "short-swing profits" under § 16(b) of the Securities Exchange Act.  Following entry of Defendant's default, on May 27, 2008 this Court referred the action to United States Magistrate Judge Theodore Katz for an inquest on damages.  (03 Civ. 7760, Dkt. No. 38.)

    On October 15, 2008, Judge Katz issued a Report and Recommendation in this matter.  The Report recommended that a default judgment be entered against Defendant requiring the disgorgement of $4,249,408.80 in profits, as well as the payment of $1,590,140.81 in prejudgment interest, plus $957.56 in accruing interest for every day from October 16, 2008 until judgment is entered.  (Report at 2.)

According to 28 U.S.C. § 636(b)(1)(C), "[w]ithin ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. Rule 72(b) (stating that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations"). No objections to the Report were received.[1]

Having reviewed the Report and Recommendation, and finding no clear error on the face of the record, see 28 U.S.C. § 636(b)(1)(B), it is hereby ORDERED AND ADJUDGED as follows:

1.  The Report and Recommendation of United States Magistrate Judge Katz, dated October 15, 2008, be and the same hereby is APPROVED, ADOPTED, and RATIFIED by the Court in its entirety;

---

[1] The Court received a letter from Plaintiff's Counsel dated October 21, 2008, in which the counsel wrote that "the amount and entitlement to [attorney's] fees in this case will be largely dependent upon the ability of Mr. Jennings to pay the judgement, which is unknown at this time." (Wexler Ltr, Oct. 21, 2008 at 1.) "Accordingly, we request that the Court order an extension of the 14 day time limit for fee applications under Fed. R. Civ. P 54 (d)(2)(B) until such time as counsel advises the Court that there is a fund of money available to support a fee award." (Id.)

2. The Court directs that Judgment be entered against Defendant awarding Plaintiff $4,249,408.80 in damages for short-swing profits, and $1,590,140.81 in prejudgment interest, plus an additional $206,832.96 in prejudgment interest (to reflect the 216 days between the date of the Report and today's date);

3. The Court directs the Clerk of Court to close the docket for this case. The Court retains jurisdiction over this matter in order to hear any subsequent motion for attorney's fees. The Court further orders an extension of the 14 day time limit for fee applications under Fed. R. Civ. P 54(d)(2)(B) to ninety (90) days from the date of this ORDER. Plaintiff's counsel shall make a motion for attorneys fees or submit a status update letter within ninety (90) days of the date of this ORDER or any entitlement to fees SHALL BE WAIVED.

Dated:   New York, New York
         May 21, 2009

                                      _____
                                      Deborah A. Batts
                                      United States District Judge